## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------- x
                                                   :
In re:                                             :        Chapter 11
                                                   :
PADDOCK ENTERPRISES, LLC                           :        Case No. 20-10028 (LSS)
                                                   :
                    Debtor.                        :
                                                   :
-------------------------------------------------- x
```

## CERTIFICATE OF COUNSEL REGARDING ORDER APPROVING STIPULATION AND AGREEMENT BETWEEN DEBTOR AND PLAINTIFFS GRANTING RELIEF FROM THE AUTOMATIC STAY

The undersigned hereby certifies as follows:

1.      On January 6, 2020, Paddock Enterprises, LLC, successor by merger to Owens-Illinois, Inc. and debtor-in-possession herein ("Paddock" or "Debtor") filed a voluntary petition for relief (the "Chapter 11 Case"), pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware.

2.      Prior to filing the Chapter 11 Case, All Craft Fabricators, Inc. ("All Craft") and Donaldson Interiors, Inc. ("Donaldson" and, together with All Craft, "Plaintiffs") commenced an action (the "State Court Action") entitled, *All Craft Fabricators, Inc. and Donaldson Interiors, Inc. v. ATC Associates Inc., Cardno ATC, Skanska USA Building Inc., HLW International LLP, Wing Inc. Specialty Trades, Terrasan Environmental Solutions Inc., Pinnacle Environmental Corp., The Manhattan Company of New York LLC, International Paper Company and Owens-Illinois, Inc.* (156897/2013) in the Supreme Court of the State of New York, County of New York (the "NY Supreme Court") against the Debtor and certain other entities ("Other  Entities") (collectively with the Debtor, the "Defendants") alleging that the Defendants were liable to

Plaintiffs for, among other things, property damage and business losses arising out of major asbestos contamination at Plaintiffs' facility caused by materials delivered in connection with a construction project for which All Craft and other defendants were hired to perform work.

3.      On January 7, 2020, a notice of suggestion of bankruptcy was filed by Paddock in the State Court Action, informing the NY Supreme Court and the parties to the State Court Action of the Chapter 11 Case.

4.      As a result of commencing the Chapter 11 Case, the State Court Action was stayed against Paddock by operation of section 362(a) of the Bankruptcy Code.

5.      On or around May 8, 2020, Plaintiffs requested the NY Supreme Court to sever the Debtor from the State Court Action to allow Plaintiffs to prosecute their claims against the Other Entities to the State Court Action.  Such request was denied in June 2020.

6.      On or about August 26, 2020, Plaintiffs filed a stipulation of discontinuance against the Debtor in the State Court Action and sent a letter requesting that the NY Supreme Court lift the stay, permitting the State Court Action to proceed against the Other Entities.  Such request was also denied.

7.      The Plaintiffs seek an order from the Bankruptcy Court to provide the NY Supreme Court with certainty that permitting Plaintiffs to continue to prosecute their claims against the Defendants other than the Debtor will not violate the automatic stay of section 362(a).  The Debtor consents to the relief requested by Plaintiffs subject to the terms of the Stipulation (as defined below).  As provided in the Stipulation, Plaintiffs have agreed to limit any potential recovery against the Debtor to such recovery as may be available in the Chapter 11 Case in connection with any treatment of their proofs of claims.

8.      The Debtor and Plaintiffs have memorialized these terms in the *Stipulation and Agreement Between Debtor and Plaintiffs Granting Relief from the Automatic Stay*, a copy of which is attached as <u>Exhibit A</u> (the "Stipulation") to the proposed form of order approving the same, a copy of which is attached hereto as <u>Exhibit 1</u> (the "Proposed Order").

9.      The Proposed Order has been circulated to Plaintiffs and the Official Committee of Asbestos Personal Injury Claimants (the "Committee"), and the Committee does not object to the entry of the Proposed Order.

WHEREFORE, the Debtor and the Plaintiffs respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as <u>Exhibit 1</u>, at its earliest convenience.

Dated: January 12, 2021                          Respectfully Submitted,


By:      */s/ Michelle McMahon*
Michelle McMahon
**CULLEN AND DYKMAN LLP**
44 Wall Street
New York, New York 10005
Telephone:      (212) 510-2296
Facsimile:      (212) 825-1531
Email: mmcmahon@cullenllp.com

Counsel for the Plaintiffs

## **Exhibit 1**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------- x
                                           :
In re:                                     :        Chapter 11
                                           :
PADDOCK ENTERPRISES, LLC                   :        Case No. 20-10028 (LSS)
                                           :
                    Debtor.                :        Re: Docket No.
                                           :
-------------------------------------------------------- x
```

**ORDER APPROVING STIPULATION AND AGREEMENT
BETWEEN DEBTOR AND PLAINTIFFS GRANTING
RELIEF FROM THE AUTOMATIC STAY**

Upon consideration of the *Stipulation and Agreement Between Debtor and Plaintiffs Granting Relief from the Automatic Stay*, a copy of which is attached hereto as <u>Exhibit A</u> (the "**<u>Stipulation</u>**"); and the Court having determined that good and adequate cause exists for approval of the Stipulation; it is hereby **ORDERED** that:

1.      The Stipulation is approved and all provisions of the Stipulation are ordered.

2.      This Court retains jurisdiction with respect to all matters arising from or related to the Stipulation and this Order.

## **Exhibit A**

**Stipulation**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------- x
                                                         :
In re:                                                   :          Chapter 11
                                                         :
PADDOCK ENTERPRISES, LLC                                 :          Case No. 20-10028 (LSS)
                                                         :
                                        Debtor.          :
                                                         :
-------------------------------------------------------- x
```

## STIPULATION AND AGREEMENT BETWEEN DEBTOR AND
## PLAINTIFFS GRANTING RELIEF FROM THE AUTOMATIC STAY

**WHEREAS,** Paddock Enterprises, LLC, successor by merger to Owens-Illinois, Inc. and debtor-in-possession herein ("Paddock" or the "Debtor"), filed a voluntary petition for relief (the "Chapter 11 Case") pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on January 6, 2020 (the "Petition Date") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), and has remained in possession of its property and in the management of its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code;

**WHEREAS,** prior to the Petition Date, All Craft Fabricators, Inc. ("All Craft") and Donaldson Interiors, Inc. ("Donaldson" and, together with All Craft, "Plaintiffs") commenced an action (the "State Court Action") styled as *All Craft Fabricators, Inc. and Donaldson Interiors, Inc. v. ATC Associates Inc., Cardno ATC, Skanska USA Building Inc., HLW International LLP, Wing Inc. Specialty Trades, Terrasan Environmental Solutions Inc., Pinnacle Environmental Corp., The Manhattan Company of New York LLC, International Paper Company and Owens-Illinois, Inc.* (156897/2013) in the Supreme Court of the State of New York, County of New York (the "NY Supreme Court") against the Debtor and certain other entities ("Other Entities")

7

(collectively with the Debtor, the "Defendants") alleging that the Defendants were liable to Plaintiffs for, among other things, property damage and business losses arising out of major asbestos contamination at Plaintiffs' facility caused by materials delivered in connection with a construction project for which All Craft and other defendants were hired to perform work;

**WHEREAS**, a notice of suggestion of bankruptcy informing the NY Supreme Court and the parties to the State Court Action of the Chapter 11 Case was filed by Paddock in the State Court Action on January 7, 2020;

**WHEREAS**, as a result of the commencement of the Chapter 11 Case, the continuation of the State Court Action was stayed against Paddock by operation of section 362(a) of the Bankruptcy Code;

**WHEREAS**, All Craft and Donaldson are listed on the Debtor's Schedules of Assets and Liabilities as having potential contingent, unliquidated and disputed claims against the Debtor on account of being plaintiffs in pending litigation with Paddock, *see* Schedules filed on February 27, 2020 at Docket No. 116, and, on or around June 19, 2020, All Craft and Donaldson filed contingent and unliquidated proofs of claim against the Debtor (claim nos. 23 and 22, respectively) for the damages sought in the State Court Action;

**WHEREAS**, to the parties' knowledge, the Other Entities have not participated in the Chapter 11 Case to date and have not filed any proofs of claim against the Debtor for damages in connection with the State Court Action;

**WHEREAS**, on or around May 8, 2020, Plaintiffs requested the NY Supreme Court to sever the Debtor from the State Court Action to enable Plaintiffs to prosecute their claims against the Other Entities to the State Court Action, which was denied in June 2020;

**WHEREAS**, on or around August 26, 2020, Plaintiffs filed (i) a stipulation of discontinuance of the State Court Action as against the Debtor in the NY Supreme Court, which stipulation was executed by Plaintiffs and the Debtor, and (ii) a letter requesting that the NY Supreme Court lift the stay and permit the State Court Action to proceed against the Other Entities;

**WHEREAS**, notwithstanding the foregoing, the NY Supreme Court has declined to permit the State Court Action to proceed against the Defendants other than the Debtor;

**WHEREAS**, to provide the NY Supreme Court with certainty that permitting Plaintiffs to continue to prosecute their claims against the Defendants other than the Debtor will not violate the automatic stay of section 362(a) of the Bankruptcy Code, Plaintiffs therefore seek an order from this Bankruptcy Court granting relief for such purpose;

**WHEREAS**, the Debtor consents to the relief requested by Plaintiffs pursuant to the terms of this Stipulation and provided that, as Debtor lacks any known or available insurance coverage on account of any such claims, Plaintiffs have agreed to limit any potential recovery against the Debtor to such recovery as may be available in the Chapter 11 Case in connection with any treatment of their proofs of claim as contemplated pursuant to a chapter 11 plan of reorganization or other Bankruptcy Court order; and

**WHEREAS**, the parties desire to clarify the status of the automatic stay as to the State Court Action without the need for litigation in Bankruptcy Court while reserving all rights and defenses with respect to the proofs of claim filed by Plaintiffs in the Chapter 11 Case.

**ACCORDINGLY, IT IS HEREBY STIPULATED AND AGREED**, that:

1.        Upon the approval of the Stipulation by the Bankruptcy Court, the automatic stay imposed by section 362(a) of the Bankruptcy Code, to the extent applicable, is modified solely and

only to the extent necessary to permit the NY Supreme Court to allow such State Court Action to proceed against Defendants other than the Debtor.

2.    Plaintiffs shall not seek (i) to prosecute any claims against the Debtor in the State Court Action, or (ii) any discovery from the Debtor in connection with the State Court Action, and shall limit any potential recovery on account of their claims against the Debtor to such recovery as may be available in the Chapter 11 Case in connection with any treatment of their proofs of claim as contemplated pursuant to a chapter 11 plan of reorganization or other Bankruptcy Court order.

3.    Except as expressly set forth herein, the provisions of the automatic stay, including, without limitation, those provisions prohibiting execution, enforcement, or collection of any judgment that may be obtained against the Debtor from and against any assets or property of the estate (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect. Neither Plaintiffs nor any of their agents shall take any action or attempt to cause any action to be taken to collect all or any portion of any judgment obtained or settlement reached in the State Court Action from the assets and property of the Debtor or the Debtor's estate. Nothing contained herein shall prejudice Plaintiffs' rights as to the Defendants other than the Debtor in the State Court Action.

4.    Nothing set forth herein shall be deemed to constitute an admission.

5.    This Stipulation is subject to Bankruptcy Court approval and shall only be effective when approved and ordered by the Bankruptcy Court. If this Stipulation is not approved by the Bankruptcy Court, it shall be null and void and shall not be referred to or used, for any purpose, by any of the parties hereto or any parties to the State Court Action.

6.    This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument. This Stipulation

may be executed by facsimile or PDF signature, and such signatures will be deemed to be as valid as an original signature, whether confirmed by delivery of the original in person.

       7.      The Bankruptcy Court shall retain jurisdiction to resolve any disputes between the parties arising with respect to this Stipulation and this Stipulation may not be amended or modified except by further Order of this Bankruptcy Court.

       8.      The 14-day stay period set forth in Fed. R. Bankr. P. 4001(a)(3) shall not apply.

**SO STIPULATED:**

By:     ___/s/ Amy Quartarolo_____                 Date:   1/11/2021_____

Jeffrey E. Bjork (admitted *pro hac vice*)
Amy C. Quartarolo (admitted *pro hac vice*)
Helena G. Tseregounis (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
335 South Grand Avenue, Suite 100
Los Angeles, California 90071
Telephone:     (213) 485-1234
Facsimile:      (213) 891-8763
Email: Jeff.Bjork@lw.com
Amy.Quartarolo@lw.com
Helena.Tseregounis@lw.com

and

**RICHARD, LAYTON & FINGER, P.A.**
John H. Knight (No. 3848)
Michael J. Merchant (No. 3854)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone:     (302) 651-7700
Facsimile:      (302) 651-7701
Email: knight@rlf.com
        merchant@rlf.com

Counsel for Debtor and Debtor-in-Possession

By:    */s/ Michelle McMahon*_____          Date:  1/11/2021_____

Michelle McMahon
**CULLEN AND DYKMAN LLP**
44 Wall Street
New York, New York 10005
Telephone:     (212) 510-2296
Facsimile:      (212) 825-1531
Email: mmcmahon@cullenllp.com

Counsel for the Plaintiffs